UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD OLIVER, | ) | 1:02-cv-05472-OWW-TAG HC |
| Petitioner, | ) ) ) | INFORMATIONAL ORDER REGARDING |
| v. | ) ) | SUBSTITUTION OF COUNSEL |
| ANTHONY LAMARQUE, | ) ) | ORDER DIRECTING CLERK TO SERVE **BOTH** PETITION AND COUNSEL OF |
| Respondent. | ) ) | RECORD UNTIL FURTHER NOTICE |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

PROCEDURAL HISTORY

On August 29, 2005, the Magistrate Judge filed a Report and Recommendation recommending that the petition be denied.  (Doc. 17).  On September 19, 2005, Petitioner filed a motion to extend time to file objections to the Magistrate Judge's Report and Recommendation of August 29, 2005.  (Doc. 19).  That motion was granted on October 14, 2005.  (Doc. 23).  On November 3, 2005, Petitioner filed a second motion for extension of time to file his objections.  (Doc. 25).  That motion was granted on November 28, 2005.  (Doc. 27).

The original petition for writ of habeas corpus was filed on April 26, 2002, on behalf of petitioner by his attorney, Gary M. Diamond.  (Doc. 1).  Similarly, the traverse was also filed by counsel of record, Attorney Diamond, on December 13, 2002.  (Doc. 13).  No motion for withdrawal or substitution of counsel has been properly filed with the Court.

INFORMATIONAL DISCUSSION

Pursuant to Local Rules, the Clerk of the Court is directed to serve copies of the Court's written orders on *all counsel who have appeared in the action*.  See L.R.5-137(f).  Moreover, pursuant to Local Rule 5-135(c), such service is complete "when served upon the attorney for the party, if the party has appeared and is represented by an attorney."  Finally, absent notice of a change of address for the attorney of record, "service of documents at the prior address of the attorney...shall be fully effective."   See L.R. 83-182(f).  Thus, since Attorney Diamond is Petitioner's attorney of record, the Clerk of the Court has always served, and will continue to serve, Attorney Diamond with all orders of the Court; moreover, service by the Clerk of the Court is "complete" when service upon Attorney Diamond is effected.  Therefore, technically, the Clerk of the Court is technically correct in serving *only* Mr. Diamond.

It appears, however, that on August 9, 2004, in an effort to replace Attorney Diamond with Petitioner as counsel of record, Petitioner filed a "Notice of Dismissed Counsel In The Above Case Number." (Doc. 16).  In that notice, Petitioner indicates that Attorney Diamond "has discontinued his representation of my petition.  All legal correspondence should now be forwarded to me as the Pro-Se petition." (Id.).  *However, that document is ineffective to change the attorney of record from Attorney Diamond to Petitioner because it was not properly filed with a proof of service on all parties*.  Fed. Rule of Civ. Proc. Rule 5(a), (b), and (d)  require inter alia that all orders, pleadings, papers, appearances, and written notices filed with the Court shall be served *on all parties and that a copy of that proof of service shall be filed with the Court.*

If Petitioner wishes to effect a change in the counsel of record in this case, and thus change service by the Clerk of the Court from Attorney Diamond to Petitioner, he may file with the Court either a Substitution of Counsel or a properly noticed and filed Motion to Substitute Petitioner in propria persona for Attorney Diamond.  A Substitution of Attorneys, pursuant to Local Rule 83-182(g), must contain the signed consent of *both* Attorney Diamond and Petitioner.  From the Court's inability to serve documents on Attorney Diamond at his last known address, and from Petitioner's Notice of August 8, 2004, it would appear unlikely that Petitioner could obtain Attorney Diamond's written consent for such a Substitution of Counsel.

On the other hand, a properly noticed Motion to Substitute Petitioner In Propria Persona As Counsel of Record, need *only* be signed by Petitioner, contain adequate grounds for granting the motion, e.g., the attorney is no longer representing Petitioner and/or has moved and cannot be contacted or located, **and** *contain a proof of service on both the attorney of record, e.g., Attorney Diamond, at his last known address, and on all counsel for Respondent*.

Absent such a noticed motion, the Clerk of the Court is technically correct to continue serving only Attorney Diamond with orders of the Court. However, in order to mitigate this problem, the Court will DIRECT the Clerk of the Court to henceforth serve *both* Petitioner and Attorney Diamond, until such time as Petitioner submits either a substitution of counsel or a motion to substitute counsel.

## ORDER

Accordingly, GOOD CAUSE appearing therefor, the Clerk of the Court is DIRECTED to serve both Petitioner and counsel of record for Petitioner until further notice from the Court.

IT IS SO ORDERED.

**Dated:   December 14, 2005**              /s/ Theresa A. Goldner
j6eb3d                                   UNITED STATES MAGISTRATE JUDGE